USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 8/8/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT,

                 Petitioner,

     -against-

JAMES,

                 Respondent.

20-cv-07809 (ALC)

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

     On September 22, 2020, Mr. Scott ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet., ECF No. 2. Petitioner, proceeding *pro se*, challenges his 2015 New York Supreme Court, Bronx County conviction of four counts of murder in the second degree and two counts of robbery in the first degree.

     On October 1, 2020, the Court issued an Order to Answer, ECF No. 5, and referred this petition to Magistrate Judge Sarah Netburn, ECF No. 6.[1] Respondent submitted an answer on February 25, 2021, asserting that (1) two of Petitioner's claims are unexhausted; (2) two of Petitioner's claims are not cognizable on federal habeas review; (3) the remaining claims are neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court. Respondent's Opposition ("Opp."), ECF No. 11-1. On March 30, 2021, Petitioner filed a motion to stay the habeas petition in abeyance "while [he] return[s] to state court to exhaust his previously unexhausted claims" and asking "that the district court . . . lift the stay and allow [him] to proceed in federal court" once his claims are exhausted. ECF No. 12. The Court denied Petitioner's motion to stay the habeas petition without prejudice and directed Petitioner to

---

[1] The Court hereby terminates the Order of Reference.

address all of Respondent's arguments. ECF No. 13. The order explained that the Court would determine whether to stay the habeas petition in abeyance after the Petitioner addressed Respondent's arguments. *Id*.

On August 9, 2021, Petitioner filed his reply to Respondent's opposition. Reply, ECF No. 20. Petitioner argues that "[a]ll of the issues raised in petitioner's direct Appellat[e] brief are exhausted . . . ." *Id*. at 3. On March 25, 2022, Petitioner filed a letter requesting an update on the Court's determination on whether it would stay the habeas petition in abeyance. ECF No. 21. On November 17, 2022, Petitioner filed a second letter requesting an update on his motion to stay in abeyance. ECF No. 22. The Court examines Petitioner's claims only to the extent needed to resolve his motion to stay the habeas petition in abeyance. For the reasons discussed below, the Court finds that the Petitioner's claim related to the prosecutorial misconduct on summation is exhausted, but procedurally defaulted, and that the Petitioner's claim of excessive sentencing is unexhausted. The Court dismisses Petitioner's claim related to the prosecutorial misconduct. The Petitioner's motion to stay the habeas petition in abeyance is **DENIED**.

## LEGAL BACKGROUND

### A. Exhaustion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a state prisoner may seek habeas corpus relief in federal court "on the ground that he is in custody in violation of the Constitution ... of the United States." 28 U.S.C. § 2254 (a). However, before a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims

to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)); *see also Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). The exhaustion requirement is animated by "notions of comity between the federal and [s]tate judicial systems." *Strogov v. Attorney Gen. of N.Y.*, 191 F.3d 188, 191 (2d Cir. 1999).

State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in the lower courts) and (ii) informed that court (and lower courts) about both the factual and legal bases for the federal claim. *Ramirez v. Attorney Gen. of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard*, 404 U.S. at 276-77). While a state petitioner is not required to cite "chapter and verse of the Constitution" to satisfy this requirement, he must present his challenge "in terms that are likely to alert the state courts to the claim's federal nature." *Carvajal v. Artus,* 633 F.3d 95, 104 (2d Cir. 2011) (citations omitted). This requirement may be satisfied by:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in fact like situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.* (citing *Daye v. Attorney Gen.*, 696 F.2d 186, 194 (2d Cir. 1982) (en banc).

**B. Procedural Default**

"[I]f the state prisoner fails to exhaust his state remedies in a manner in which, were he to return to the state courts with his unexhausted claim, those courts would find the claim barred by the application of a state procedural rule, [a court] 'must deem the claim procedurally defaulted.'"

3

*Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (citing *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011)). "Alternatively, a procedural default occurs if the state court's rejection of a federal claim rests on a state law ground—such as the operation of a state procedural rule—that is both 'independent of the federal question and adequate to support the judgment.'" *Id*. (citing *Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008)). "In this latter case, [t]he preclusion of federal review applies only when the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." *Id*. (citations omitted).

"Federal habeas review is foreclosed when the state court expressly relied on the petitioner's procedural default at trial as an independent and adequate state law ground." *Thompson v. Patrick*, No. 16 CV 2198 (MKB)(LB), 2018 WL 8733339, at *4 (E.D.N.Y. Aug. 13, 2018), *report and recommendation adopted*, No. 16CV02198MKBLB, 2019 WL 2206064 (E.D.N.Y. May 21, 2019) (citing *Green v. Travis*, 414 F.3d 288, 294 (2d Cir. 2005); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990)). However, a petitioner may obtain federal habeas review of a procedurally defaulted claim if the petitioner demonstrates either "cause for the default and prejudice," or that "failure to consider the claims will result in a miscarriage of justice (i.e., the petitioner is actually innocent)." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991)).

Here, Respondent argues that two of Petitioner's claims are unexhausted. Respondent contends that Petitioner's claims that (1) prosecutorial misconduct on summation deprived Petitioner of a fair trial and that (2) his sentence was excessive were both unexhausted. Opp. at 13-17, 40-41. Petitioner argues in his reply that [a]ll of the issues raised in petitioner's direct Appellat[e] brief are exhausted . . . ." ECF No. 20 at 3.

## ANALYSIS

### A. Prosecutorial Misconduct

Petitioner argued before the First Department that he was deprived of a fair trial when the prosecutor "grossly mischaracterized counsel's summation arguments as a 'conce[ssion]' of Scott's guilt of the robbery and felony murder offenses." *See* Ex. 2 to Opp., Petitioner's First Department Brief, ECF No. 11-2 at 3. In this case two women were killed in an apartment. There was video surveillance of Mr. Scott and Brittney Austin entering the apartment. The People of the State of New York called Brittney Austin, a cooperating witness who admitted to entering the apartment of the two women with Mr. Scott. As a result, defense counsel argued that it could be that Mr. Scott killed both, just one or, as counsel insisted–neither. Defense counsel made many other arguments, attempting to cast doubt on the People's case, but he didn't concede that Scott committed a robbery.

In her summation, the prosecutor made two separate, but related comments that form the basis of petitioner's prosecutorial misconduct claim. First, the prosecutor claimed that defense counsel conceded that the petitioner committed the robbery. *Id* at 24. Second, attacking an argument made by defense counsel, "there is no either/or or if/then. He's guilty of the robbery. He is guilty of the felony murder." *Id*.

Defense counsel failed to object to the first comment but objected to the second. Petitioner claims that the comments are so related that the objection to the second covers the first.[2] Not so.

---

[2] The Petitioner argued that the prosecutor's comments were improper and contrary to law. Petitioner's First Department Brief at 32-35. Petitioner explained that his counsel "objected at the end of this part of the prosecutor's argument when the prosecutor repeated a similar point that '[t]here is no either/or or if/then. He is guilty of the robbery. He is guilty of the felony murder.'" *Id.* at 24, 35. The court overruled counsel's objection, and therefore, Petitioner asserted, the issue was preserved. *Id*.

5

The second comment is clearly argument, not explicitly relying on any perceived concessions by defense counsel. The first relies on a false account of what defense counsel conceded.

On May 21, 2019, the Appellate Division affirmed the Petitioner's conviction. *People v. Thompson*, 172 A.D.3d 543 (1st Dep't 2019).[3] The court found Petitioner's "challenge to the prosecutor's summation comment regarding purported concessions by defense counsel [was] unpreserved," and the court "decline[d] to review it in the interest of justice." *Id*. As an alternative holding, the Appellate Division court found that "the comment was improper, but harmless in light of the overwhelming evidence of guilt." *Id*. (internal citations omitted).

As to the claim related to the prosecutor's summation, the Court believes this claim is exhausted. Respondent argues this claim was unexhausted at every level. Opp. at 16. Respondent asserts the claim was initially unpreserved by trial counsel who failed to raise a timely objection and that Petitioner failed to pursue the merits of his claim by failing to seek the Court of Appeal's review. *Id*. at 16. Respondent argues that, therefore, the claim is also procedurally defaulted due to Petitioner's failure to exhaust the claim before the state's highest court. *Id*. at 15-16.

The Court presumes that the Appellate Division found Petitioner's claim to be unpreserved for appellate review because Petitioner's counsel failed to make a contemporaneous objection to the prosecutor's comments during summation. The procedural rule regarding contemporaneous objections, N.Y. Crim. Proc. Law § 470.05(2), states that all parties must make a specific contemporaneous objection at trial in order to preserve an issue for appellate review. "This rule is an independent and adequate state law ground that serves as a procedural bar to preclude federal habeas review." *Thompson*, 2018 WL 8733339, at *4 (collecting cases). Therefore, Petitioner's

---

[3] The decision of the Appellative Division was attached as Exhibit 8 to Respondent's Opposition, ECF No 11-8.

prosecutorial misconduct claim is procedurally defaulted. "[D]efaulted claims are generally deemed to be exhausted," but "'exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court.'" *Couser v. Noath*, 506 F. Supp. 3d 155, 158 (W.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Instead, as explained above, a petitioner may obtain federal habeas review of a procedurally defaulted claim if the petitioner shows either "cause for the default and prejudice," or that "failure to consider the claims will result in a miscarriage of justice." *Aparicio*, 269 F.3d at 90.

In his Reply to Respondent's opposition, Petitioner makes no argument that there is cause for the default and prejudice.[4] Petitioner does seem to argue that failure to consider any procedurally defaulted claim would result in a miscarriage of justice. Reply at 11. ("Although petitioner herein believed that he had complied with the state[']s preservation procedural rules . . . should this honorable court decided otherwise, petitioner herein respectfully requested that this court exercise it judicial power and review any default claim presented herein by petitioner, under the miscarriage of justice review."). Petitioner explains this request "is made to the fact that, should this court rule[] that any of petitioner's issues presented to the court is in default, there lies no other vehicle or

---

[4] Additionally, Petitioner asserts that "if counsel had repeated her prior objection, that the trial prosecutor's comment was improper, after the trial court had already overruled her prior objection, there is no reason to believe that trial court would [have] changed its mind." Reply at 6-7. He argues that "CPL § 470.05 and the governing New York caselaw does not indicate that petitioner was required to make an additional objection after the court had already overruled his initial objection in order to preserve this violation committed by the trial prosecutor for appellate review. *Id*. at 8. However, as explained previously, the prosecutor made two separate, but related comments that form the basis of petitioner's prosecutorial misconduct claim. First, the prosecutor claimed that defense counsel conceded that the petitioner committed the robbery. Petitioner's First Department Brief at 24. Second, attacking an argument made by defense counsel, "there is no either/or or if/then. He's guilty of the robbery. He is guilty of the felony murder." *Id*. Contrary to the chronology offered by Petitioner in his Reply, his defense counsel failed to object to the first comment but objected to the second. The trial court then overruled the objection to the second comment. Therefore, this argument fails.

avenue available to petitioner for hi[m] to present such issue/claims and have them exhausted." *Id*. "A fundamental miscarriage of justice has been construed to mean that in an extraordinary case, 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Diaz v. Mantello*, 115 F. Supp. 2d 411, 417 (S.D.N.Y. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 492 (1986)). Petitioner does not meet this standard, nor does he show there is cause for the default. Therefore, the Court **dismisses** this claim.

### B.   Ineffective Assistance of Counsel

Alternatively, Petitioner argued that counsel was ineffective for failing to properly object. *Id*. at 35. As to the ineffective assistance of counsel ("IAC") claim related to counsel's purported failure to object, Respondent explains that the existing record shows a "sound defense theory" and that Petitioner never filed a motion to vacate judgement pursuant to New York CPL § 440 alleging IAC and thereby "rendering any further claim unexhausted." *Id*. at 13.

In Petitioner's leave application to the New York Court of Appeals, Petitioner raised the issue of ineffective assistance of counsel as it related to his claim of prosecutorial misconduct in summation and the leave application incorporated the brief Scott submitted to the Appellate Division. See Ex. 10 to Opp., Petitioner's Leave Letter, ECF No. 11-10 at 5. The incorporated brief included Petitioner's claim that prosecutorial misconduct in summation denied Scott a fair trial. *See* Petitioner's First Department Brief. This incorporated brief additionally includes Petitioner's IAC claim as it relates to his prosecutorial misconduct claim. *Id*.

Furthermore, in its decision, the Appellate Division held that it "considered and rejected defendant's ineffective assistance of counsel claims relating to the lack of preservation" of

8

Petitioner's summation related claim. *See Scott*, 172 A.D.3d at 543.[5] The Appellate Division did not find that the IAC claim was improperly brought on appeal or that Petitioner should have filed a CPL § 440.10 motion first. Therefore, the Petitioner does not need to file a CPL § 440.10 motion to exhaust this claim and he meets the exhaustion standard for purposes of federal habeas review as to his IAC claim related to the prosecutorial misconduct claim. *See also Rios v. Miller*, No. 1:17-CV-02256(ALC), 2020 WL 4003607, at *2 (S.D.N.Y. July 15, 2020) (citing *Sweet v. Bennett*, 353 F.3d 135, 140-41 (2d Cir. 2003)) ("[i]n New York, the applicable review process for an [IAC] claim depends on the nature of the alleged attorney error underlying the claim" and "[t]o properly exhaust a claim that relies on errors or omissions that are apparent from the record of trial or pretrial proceedings, petitioner must raise such claim on direct appeal to the Appellate Division and then seek leave to appeal to the Court of Appeals.").

Petitioner's IAC claim, related to his attorney's failure to object to the prosecutor's summation, is exhausted.

### C. Excessive Sentence

As to the second claim, Respondent argues that Mr. Scott advanced his excessive sentence claim under only New York state law and that he did not present the claim in federal constitutional terms to the Appellate Division or to the New York Court of Appeals in his leave application. Therefore, Respondent contends this claim is unexhausted because Petitioner never alleged in state court that his sentence violates the Eighth Amendment of the United States Constitution. Opp. at 39-40.

---

[5] The court "considered and rejected defendant's ineffective assistance of counsel claim relating to the lack of preservation." *Id*. (citing *People v. Benevento*, 91 NY2d 708, 713-714 (1998) and *Strickland v. Washington*, 466 US 668 (1984)).

The Court has reviewed Petitioner's brief to the Appellate Division, Ex. 2 to Opp., and his leave application letter to the Court of Appeals. *See* Petitioner's Leave Letter. When construing these documents liberally and applying the factors set forth in *Doye*, the Court agrees with Respondent that Petitioner's excessive sentence claim is unexhausted. In his brief to the Appellate Division, Petitioner claimed that his aggregate sentence of 50 years to life imprisonment is both harsh and excessive and he asked the Appellate Division to use its discretion and reduce his sentence in the interest of justice. *See* Petitioner's First Department Brief at 4, 51-55. The brief explains the standard courts should consider in sentencing under New York law. The Petitioner focuses on caselaw with similar offenses where the Court reduced excessive sentences, the fact that this was his first felony offense, and his age at the time of the offenses. *Id*. at 52-55. The brief only cites to state case law in its argument except in one instance.[6]

---

[6] The brief cites to a concurring opinion in *People v. Rudolph*, 21 N.Y.3d 497, 506 (2013) which itself quotes *Johnson v. Texas*, 509 U.S. 350, 367 (1993). *See* Petitioner's First Department Brief at 54. In his brief, Petitioner argues that "young people often possess 'an undeveloped sense of responsibility', which can 'result in impetuous and ill-considered actions and decisions.'" *Rudolph*, 21 N.Y.3d at 506 (quoting *Johnson*, 509 U.S. at 367). The Petitioner explained that the appellate court should "not disregard the role that Scott's age and immaturity played in the commission of his offense." *Id*.

In *Rudolph*, the New York Court of Appeals held that per CPL § 720.20(1), where a defendant is eligible to be treated as a youthful offender, per state law, the sentencing court "must" determine whether he or she is to be so treated and that compliance with this statutory compliance cannot be dispensed, even where the defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request. *Rudolph*, 21 N.Y.3d at 500. The majority opinion does not cite to federal caselaw or to the Constitution and as explained, was interpreting state law. In his concurring opinion, Judge Graffeo explained that "society's understanding of juvenile brain function and the relationship between youth and unlawful behavior has significant evolved" and that these developments, including the Supreme Court's decision in *Graham v. Florida*, 560 U.S. 48 (2010), "underscore the need for judicial procedures that are solicitous of the interests of vulnerable youth." *Rudolph*, 21 N.Y.3d at 506. In *Johnson*, the Supreme Court held that the "Texas special issues system in effect until 1991 . . . were consistent with the Eighth and Fourteenth Amendments." *Johnson*, 509 U.S. 350 (1993). In that case, the petitioner argued that the Texas sentencing system did not allow the jury to give adequate mitigating effect to

10

The brief made no argument that the aggregate sentence violated any constitutional right or that the trial court erred. It also failed to cite case law that would alert the state judges to a federal claim. The brief only asked the Appellate Division to use its discretion and reduce the sentence in the interest of justice. In his letter to the Court of Appeals, Petitioner invokes his excessive sentence claim but only references his brief. *See* Petitioner's Leave Letter at 3. Thus, Petitioner did not exhaust his sentencing claim. *See, e.g.*, *Taylor v. Brown*, No. 08 CIV. 8403 ALC RLE, 2012 WL 607621, at *3 (S.D.N.Y. Feb. 24, 2012) (finding that the petitioner's excessive sentence claim was unexhausted because while the petitioner raised his claim that his sentence was harsh and excessive on direct appeal, he did not raise it as a constitutional challenge); *Fernandez v. LaValley,* No. 10 Civ. 7914, 2011 WL 4495302, at *3 (S.D.N.Y. Sept.28, 2011) ("[b]ecause the petitioner did not raise his harsh and excessive sentence claim in federal constitutional terms, it is unexhausted"); *Bell v. Ercole*, 631 F. Supp. 2d 406, 418 (S.D.N.Y. 2009) (finding that the excessive sentence claim was unexhausted because the petitioner's appellate briefs presented the claim in terms of state law and invoked the power of a New York appellate court to reduce sentences in the interest of justice).

### D.  Stay Pending Exhaustion

Stay and abeyance are appropriate where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

---

the evidence of his youth. *Id*. at 366. It is unclear how this case is related to Petitioner's excessive sentence claim.

This citation to *Rudolph* does not aid the Petitioner in meeting the factors set forth in *Doye*. Neither case citation would alert the state court to the claim's federal nature. It is this Court's view that the citation to *Rudolph*, which included a quote from *Johnson*, was merely used by Petitioner to argue that his relatively young age played a role in the commission of the crime and that the appellate division should consider this factor in reviewing his sentence under New York law. Additionally, the facts of this Petitioner, including his age of 23, do not invoke Eight Amendment jurisprudence related to the convictions of juveniles.

petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

When confronted with a mixed habeas petition, a district court may:

(1) deny the petition on the merits, see 28 U.S.C. § 2254(b)(2);

(2) dismiss the mixed petition without prejudice, see 28 U.S.C. § 2254(b)(1)(A), *Rhines*, 544 U.S. at 278;

(3) allow the petitioner to withdraw the unexhausted claims and then proceed to the merits of the exhausted claims, *Rhines* 544 U.S. at 278; or

(4) stay the habeas petition while the petitioner finishes exhausting his claims, s*ee Perez v. Miller*, No. 20-CV-2864 (RPK), 2021 WL 4502472, at *3 (E.D.N.Y. Sept. 30, 2021), or

Here there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. However, the Petitioner has not asserted there is good cause for his failure to exhaust the excessive sentence claim. Therefore, the Court will not stay the habeas petition in abeyance.

The Court will give the Petitioner the choice to return to state court to exhaust his claim, or to amend the habeas petition to present only exhausted claims. *Rios*, 2020 WL 4003607, at *4. If Petitioner chooses to return to state court to exhaust the unexhausted excessive sentence claim, the Court will dismiss the Petition without prejudice. *Id*. The Court advises the Petitioner to consider that "a sentence within the statutory range is generally not cruel and unusual punishment." *Fernandez*, 2011 WL 4495302, at *3 (collecting cases). If, instead, the Petitioner amends his claims to exclude the unexhausted excessive sentencing claim, the Court will review the exhausted claims and Petitioner may pursue his unexhausted claim separately.

12

Petitioner is **ORDERED** to submit a letter to the Court **within 30 days** of this Order indicating which way forward he selects.

As to Petitioner's dismissed claim, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

**SO ORDERED.**

Dated:   August 8, 2023
        New York, New York

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**